Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com


Attorneys for Plaintiff, NATHANIEL MARTINEZ


# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| NATHANIEL MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED LENDING TEAM, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Nathaniel Martinez ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant United Lending Team, Inc. ("Defendant" or "United Lending Team") regarding its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") for unsolicited telemarketing calls and text messages to consumers on the National Do-Not-Call Registry.

## I.    JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2.    This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California, including marketing mortgage-related products and services to California residents, such that it has sufficient minimum contacts with California.

3.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including the receipt of the unsolicited telemarketing text messages and call at issue.

## II.    PARTIES

4.    Plaintiff Nathaniel Martinez is, and at all relevant times was, a natural person and resident of Riverside County, California.

5.    Defendant United Lending Team, Inc. is a business entity that, directly or through its agents and persons acting on its behalf markets mortgage and lending-related products and services to consumers.  United Lending Team, Inc. operates under several d/b/a/'s including, but not limited to "Afex Lending" and "Ease Mortgage."

## III.    FACTS COMMON TO ALL CAUSES OF ACTION

6.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding intrusive and unwanted telemarketing practices.

7.    Among other things, the TCPA's implementing regulations provide that no person or entity shall initiate a telephone solicitation to a residential telephone subscriber

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

who has registered his or her telephone number on the national do-not-call registry.

8.    Wireless subscribers who place their cellular telephone numbers on the National Do-Not-Call Registry are treated as residential subscribers for purposes of the TCPA's do-not-call protections.

9.    The FCC has further confirmed that telemarketing text messages sent to wireless numbers on the National Do-Not-Call Registry require the recipient's prior express invitation or permission.

10.    Plaintiff's cellular telephone number ending in 3596 was registered on the National Do-Not-Call Registry on March 29, 2007.





11.    More than 31 days had elapsed between Plaintiff's DNC registration and the telemarketing communications described below.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

12. Prior to the communications at issue, Plaintiff had no established business relationship with Defendant and had not provided prior express invitation, permission, or consent to receive telemarketing calls or text messages from Defendant or persons acting on Defendant's behalf.

13. Nevertheless, Plaintiff was contacted by a person using the Apex Lending name in connection with mortgage-related telemarketing.

14. On April 27, 2026, Plaintiff received a text message from telephone number +1 (313) 889-7248 stating: "Hi Nathaniel Martinez, you recently closed a loan with LOANUNITEDCOM LLC on 01/26/2026 for 44742 LONGFELLOW AVE. Important update tied to your mortgage. Urgent call back as soon as you get this."

15. The text message referenced Plaintiff's mortgage and property address and was sent for the purpose of inducing Plaintiff to engage with the sender regarding mortgage-related services.

16. Plaintiff replied, "What is urgent?"

/ / /

/ / /

/ / /

4



17.     The sender responded: "I'm a partnered broker with Penny Mac. The reason I reached out is because something shifted with rates today and they are in the 4%'s. Homeowners are moving on it pretty quickly. I just didn't want you missing the opportunity. When's a good time for a call?"

18.     Upon information and belief, the representation that the sender was "a partnered broker with Penny Mac" was false and misleading.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

19.    The sender then followed up with another message stating: "Nathaniel, Did you receive my last text? Call now it's urgent."



20.    These messages were sent to solicit Plaintiff regarding mortgage refinancing or related mortgage products or services.

6

21. Plaintiff also received a telephone call associated with the same number, +1 (313) 889-7248.

22. The contact information associated with the communications identifies the number used to contact Plaintiff as +1 (313) 889-7248.



23. Frustrated by the experience, Plaintiff contacted the loan officer who had recently assisted him in refinancing his loan. Plaintiff contacted the loan officer to figure out why he was being contacted to refinance, what the new 4% interest related to, and

7

how this other person obtained Plaintiff's cell phone number. The loan officer contacted the number dialed at 313-889-7248 and spoke with an individual (for approximately 15 minutes) who confirmed that the solicitation was being made by Afex Lending otherwise known as United Lending Team. The employee of United Lending Team eventually sent the loan officer a separate text message from telephone number (313) 540-7554 with the Afex Lending i.e., United Lending Team business card attached to it.

24.    On information and belief, the communications at issue were sent and initiated by Defendant, or by one or more of Defendant's agents, employees, brokers, marketers, or other persons acting within the course and scope of their authority and for Defendant's benefit, including individuals using the Afex Lending name.

25.    Defendant is liable for the acts of its agents and persons acting on its behalf where, as here, those communications were made to market Defendant's mortgage-related products or services.

26.    Plaintiff suffered the nuisance, invasion of privacy, aggravation, and disruption that the TCPA was intended to prevent.

## IV.    CLASS ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself, and all other persons similarly situated.

28.    Plaintiff brings this Complaint pursuant to Federal Rule of Civil Procedure 23 on behalf of a class defined as:

> all persons in the United States who, within four years prior to the filing of this action through the date of class notice, received more than one telephone solicitation call or text message from Defendant, or someone acting on Defendant's behalf, within any 12-month period, more than 30 days after registering their telephone number on the National Do-Not-Call Registry.

29.    Plaintiff is a member of the proposed Class.

30.    Excluded from the Class are Defendant, its officers and directors, any entity

in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. Numerosity is satisfied because, upon information and belief, Defendant's telemarketing campaign reached numerous consumers nationwide, making joinder impracticable.

32. Common questions of law and fact exist and predominate, including whether Defendant and/or persons acting on its behalf initiated more than one telephone solicitation call or text message to class members, whether class members' numbers were listed on the National Do-Not-Call Registry for at least 31 days beforehand, whether Defendant had the requisite consent or an established business relationship, whether Defendant is vicariously liable for communications sent under the Apex Lending name, and whether Defendant's conduct was knowing or willful.

33. Plaintiff's claims are typical of the claims of the proposed Class because Plaintiff, like absent class members, received more than one unsolicited mortgage-related telemarketing communication despite being registered on the National Do-Not-Call Registry.

34. Plaintiff will fairly and adequately represent the interests of the proposed Class and has retained counsel experienced in consumer class actions and TCPA litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims are small, and class treatment will conserve judicial resources and avoid inconsistent adjudications.

36. Final injunctive and declaratory relief is appropriate because, upon information and belief, Defendant's unlawful telemarketing practices are ongoing and pose a continuing threat to Plaintiff and the Class.

/ / /

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

## V.    COUNT I

### Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 et seq.

37.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

38.    Defendant, either directly or through its agents acting under the Apex Lending name, initiated more than one telephone solicitation call and/or text message to Plaintiff's residential cellular telephone number within a 12-month period, even though Plaintiff's number had been listed on the National Do-Not-Call Registry for many years.

39.    Defendant did so without Plaintiff's prior express invitation or permission and without any established business relationship sufficient to permit the communications.

40.    The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA and its implementing regulations, including 47 C.F.R. § 64.1200(c)(2).

41.    As a result of Defendant's knowing and/or willful violations, Plaintiff and the Class are entitled to treble statutory damages of up to $1,500 for each violating call or text message.

42.    Plaintiff and the Class also seek injunctive relief prohibiting Defendant from engaging in such conduct in the future.

## VI.    COUNT II

### Violations of the TCPA, 47 U.S.C. § 227 et seq.

43.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

44.    Defendant's acts and omissions constitute multiple violations of the TCPA and its implementing regulations.

45.    As a result of Defendant's violations, Plaintiff and the Class are entitled to statutory damages of $500 for each violating call or text message.

/ / /

10

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

46.    Plaintiff and the Class also seek injunctive relief prohibiting Defendant from continuing its unlawful telemarketing practices.

## VII.    COUNT III

## Violations of Business & Professions Code § 17200

### *By Plaintiff and the Class Members Against All Defendants*

47.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48.    Plaintiff brings this cause of action on behalf of himself and the Class.

49.    California Business and Professions Code § 17200 prohibits any unlawful, unfair, or fraudulent business act or practice. Defendant's conduct constitutes both an unlawful and an unfair business practice.

50.    Defendant's conduct is unlawful. By violating 47 U.S.C. § 227 et seq. and Business and Professions Code section 17590, Defendants have violated Bus. & Prof. Code § 17200.  Each statutory violation constitutes a predicate unlawful business act or practice under § 17200.

51.    Defendant's conduct is also unfair. Defendant transmitted an unsolicited text message in violation of 47 U.S.C. § 227 et seq.

52.    The financial value thereof is substantial, is not outweighed by any legitimate countervailing benefit, and could not reasonably have been avoided by Plaintiff or Class members.

53.    Plaintiff and Class members suffered injury in fact and lost money or property as a result of Defendant's conduct.

54.    Plaintiff and Class members were thereby deprived of the economic value as a result of receiving the unsolicited text message.

55.    Plaintiff and the Class are entitled to injunctive relief prohibiting Defendant from continuing its unlawful and unfair practices, restitution of monies acquired by Defendant through those practices, and reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

## VIII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant as follows:

1. Certifying this case as a class action under Rule 23 and appointing Plaintiff as class representative and his counsel as class counsel.

2. Awarding statutory damages of $500 for each call or text message made in violation of the TCPA.

3. Awarding treble damages of up to $1,500 for each knowing and/or willful violation of the TCPA.

4. Awarding injunctive and declaratory relief prohibiting Defendant from violating the TCPA in the future.

5. Awarding costs of suit and such other relief as the Court deems just and proper.

### <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:   April 29, 2026          **NATHAN & ASSOCIATES, APC**


By: */s/ Reuben D. Nathan*
Reuben D. Nathan
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff and the Putative Class*

12

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED