Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

Attorneys for Plaintiff, NATHANIEL MARTINEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHANIEL MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>UNITED LENDING TEAM, INC.,<br><br>Defendant. | Case No.: 5:26-cv-02237-SSS-SP<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br>(Individual Claims Pled in the Alternative) |

Plaintiff Nathaniel Martinez ("Plaintiff"), individually and, in the alternative, on behalf of all others similarly situated, alleges the following against Defendant United Lending Team, Inc. ("Defendant" or "United Lending Team") regarding its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") for unsolicited telemarketing calls and text messages to consumers on the National Do-Not-Call Registry.

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California, including marketing mortgage-related products and services to California residents, such that it has sufficient minimum contacts with California.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including the receipt of the unsolicited telemarketing text messages and call at issue.

## II. PARTIES

4. Plaintiff Nathaniel Martinez is, and at all relevant times was, a natural person and resident of Riverside County, California.

5. Defendant United Lending Team, Inc. is a Michigan business entity incorporated under the laws of Michigan, with its principal place of business at 1050 Wilshire Dr., Ste. 300, Troy, MI 48084, that, directly or through its agents and persons acting on its behalf, markets mortgage and lending-related products and services to consumers. United Lending Team, Inc. operates under several d/b/a's including, but not limited to, "Afex Lending" and "Ease Mortgage."

5a. Upon information and belief, Afex Lending and Ease Mortgage operate under the direction and control of Defendant United Lending Team, Inc., and/or is one

of Defendant's d/b/a's, trade names, or affiliated entities used in connection with the telemarketing conduct described herein.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding intrusive and unwanted telemarketing practices.

7. Among other things, the TCPA's implementing regulations provide that no person or entity shall initiate a telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry.

8. Wireless subscribers who place their cellular telephone numbers on the National Do-Not-Call Registry are treated as residential subscribers for purposes of the TCPA's do-not-call protections.

9. The FCC has further confirmed that telemarketing text messages sent to wireless numbers on the National Do-Not-Call Registry require the recipient's prior express invitation or permission.

10. Plaintiff's cellular telephone number ending in 3596 was registered on the National Do-Not-Call Registry on March 29, 2007.

/ / /

/ / /

/ / /




11. More than 31 days had elapsed between Plaintiff's DNC registration and the telemarketing communications described below.

12. Prior to the communications at issue, Plaintiff had no established business relationship with Defendant and had not provided prior express invitation, permission, or consent to receive telemarketing calls or text messages from Defendant or persons acting on Defendant's behalf.

13. Nevertheless, Plaintiff was contacted by a person using the Afex Lending (also referred to as "Apex Lending") name in connection with mortgage-related telemarketing.

14. On April 27, 2026, Plaintiff received a first text message from telephone number +1 (313) 889-7248 stating: "Hi Nathaniel Martinez, you recently closed a loan with LOANUNITEDCOM LLC on 01/26/2026 for 44742 LONGFELLOW AVE. Important update tied to your mortgage. Urgent call back as soon as you get this."

15. The text message referenced Plaintiff's mortgage and property address and was sent for the purpose of inducing Plaintiff to engage with the sender regarding mortgage-related services.

16. Plaintiff replied, "What is urgent?"




17. The sender responded: "I'm a partnered broker with Penny Mac. The reason I reached out is because something shifted with rates today and they are in the 4%'s. Homeowners are moving on it pretty quickly. I just didn't want you missing the

opportunity. When's a good time for a call?"

18. Upon information and belief, the representation that the sender was "a partnered broker with Penny Mac" was false and misleading. Defendant or its agent made this misrepresentation knowingly and intentionally to induce Plaintiff to engage in a sales conversation, demonstrating that the communication was a willful and deliberate telemarketing solicitation.

19. The sender then followed up with a second text message stating: "Nathaniel, Did you receive my last text? Call now it's urgent."



20. These messages were sent to solicit Plaintiff regarding mortgage refinancing or related mortgage products or services.

21. Plaintiff also received a telephone call associated with the same number, +1 (313) 889-7248, constituting a third distinct telemarketing communication. Upon information and belief, this telephone call was placed on or about April 27, 2026, by Defendant or its agent for the purpose of soliciting Plaintiff regarding mortgage-related products or services.

22. The contact information associated with the communications identifies the number used to contact Plaintiff as +1 (313) 889-7248.



23. Frustrated by the experience, Plaintiff contacted the loan officer who had recently assisted him in refinancing his loan. Plaintiff contacted the loan officer to determine why he was being contacted to refinance, what the new 4% interest related to, and how this other person obtained Plaintiff's cell phone number. The loan officer contacted the number at (313) 889-7248 and spoke with an individual (for approximately 15 minutes) who confirmed that the solicitation was being made by Afex Lending, otherwise known as United Lending Team. The employee of United Lending Team subsequently sent the loan officer a separate text message from telephone number (313) 540-7554 with the Afex Lending i.e., United Lending Team business card attached to it. This confirmation establishes that the communications were made by or on behalf of Defendant, that Defendant's employee acknowledged the company's identity, and that Defendant had actual knowledge of and directed the telemarketing solicitation of Plaintiff's number, which was registered on the National Do-Not-Call Registry.

24. On information and belief, the communications at issue were sent and initiated by Defendant, or by one or more of Defendant's agents, employees, brokers, marketers, or other persons acting within the course and scope of their authority and for Defendant's benefit, including individuals using the Afex Lending name. Defendant exercised control over the manner, method, and content of the telemarketing communications described herein, including by providing its name, product information, and customer data (including Plaintiff's name, phone number, and mortgage information) to the individuals and entities conducting the telemarketing campaign. Alternatively, Defendant ratified the conduct of its agents by accepting leads, prospects, and business generated by the telemarketing campaign.

25. Defendant is liable for the acts of its agents and persons acting on its behalf where, as here, those communications were made to market Defendant's mortgage-related products or services, and where Defendant controlled, directed, or ratified those communications as described above.

/ / /

26. Plaintiff suffered the nuisance, invasion of privacy, aggravation, and disruption that the TCPA was intended to prevent.

26a. In addition, Plaintiff suffered injury in fact and lost money or property as a result of Defendant's conduct. Specifically, Plaintiff lost the economic value of his time spent responding to and investigating the unsolicited communications, including the time devoted to contacting his loan officer to determine the source of the solicitation, and was deprived of the value of his cellular telephone service consumed in connection with receiving and responding to the unwanted solicitations.

## IV. CLASS ALLEGATIONS

27. In the alternative, and only in the event Defendant appears and the Court determines class adjudication is appropriate, Plaintiff brings this action on behalf of himself and all other persons similarly situated.

28. Plaintiff brings this Complaint pursuant to Federal Rule of Civil Procedure 23, in the alternative, on behalf of a class defined as: all persons in the United States who, within four years prior to the filing of this action through the date of class notice, received more than one telephone solicitation call or text message from Defendant, or someone acting on Defendant's behalf, within any 12-month period, more than 30 days after registering their telephone number on the National Do-Not-Call Registry.

29. Plaintiff is a member of the proposed Class.

30. Excluded from the Class are Defendant, its officers and directors, any entity in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. Numerosity is satisfied because, upon information and belief, Defendant's telemarketing campaign reached numerous consumers nationwide, making joinder impracticable.

32. Common questions of law and fact exist and predominate, including whether Defendant and/or persons acting on its behalf initiated more than one telephone

solicitation call or text message to class members, whether class members' numbers were listed on the National Do-Not-Call Registry for at least 31 days beforehand, whether Defendant had the requisite consent or an established business relationship, whether Defendant is vicariously liable for communications sent under the Afex/Apex Lending name, and whether Defendant's conduct was knowing or willful.

33. Plaintiff's claims are typical of the claims of the proposed Class because Plaintiff, like absent class members, received more than one unsolicited mortgage-related telemarketing communication despite being registered on the National Do-Not-Call Registry.

34. Plaintiff will fairly and adequately represent the interests of the proposed Class and has retained counsel experienced in consumer class actions and TCPA litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims are small, and class treatment will conserve judicial resources and avoid inconsistent adjudications.

36. Final injunctive and declaratory relief is appropriate because, as evidenced by Defendant's deliberate telemarketing campaign targeting DNC-registered consumers using Plaintiff's personal mortgage data, Defendant's unlawful telemarketing practices are ongoing and pose a continuing threat to Plaintiff and the Class.

## IV-A. PLAINTIFF'S INDIVIDUAL CLAIMS (PLED IN THE ALTERNATIVE)

IA-1. Plaintiff Nathaniel Martinez brings this action in his individual capacity for violations of the TCPA arising from the three (3) telemarketing communications he received from Defendant on or about April 27, 2026: (a) the initial text message from +1 (313) 889-7248 (Violation No. 1); (b) the follow-up text message from +1 (313) 889-7248 (Violation No. 2); and (c) the telephone call from +1 (313) 889-7248 (Violation No. 3).

IA-2. Each of the three (3) communications described above constitutes a

separate and independent violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2), entitling Plaintiff to statutory damages of $500 per violation ($1,500 total for standard violations) or treble statutory damages of $1,500 per violation ($4,500 total) for knowing and/or willful violations, plus injunctive relief.

## V. COUNT I – Knowing and/or Willful Violations of TCPA, 47 U.S.C. § 227 et seq.

37. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

38. Defendant, either directly or through its agents acting under the Afex Lending Team, initiated at least three (3) telephone solicitation calls and/or text messages, specifically, the communications described in Paragraphs 14, 19, and 21 above, to Plaintiff's residential cellular telephone number within a 12-month period, even though Plaintiff's number had been listed on the National Do-Not-Call Registry for many years.

39. Defendant did so without Plaintiff's prior express invitation or permission and without any established business relationship sufficient to permit the communications.

40. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA and its implementing regulations, including 47 C.F.R. § 64.1200(c)(2). Defendant's violations were knowing and willful because: (a) Defendant's agent confirmed the solicitation was deliberate and company-directed (¶ 23); (b) Defendant or its agent falsely represented being a 'partnered broker with Penny Mac' to induce Plaintiff's engagement (¶ 18); (c) Defendant used Plaintiff's personal mortgage data, including his name, phone number, and property address, to craft a targeted solicitation, demonstrating actual knowledge of Plaintiff as an identifiable consumer; and (d) Defendant made no inquiry into whether Plaintiff's number was registered on the DNC Registry.

41. As a result of Defendant's knowing and/or willful violations, Plaintiff is,

individually, entitled to treble statutory damages of up to $1,500 for each violating call or text message, for a total of up to $4,500 based on the three (3) violations identified herein, plus additional damages for any additional violations identified through further investigation.

42. Plaintiff also seeks injunctive relief prohibiting Defendant from engaging in such conduct in the future.

**VI. COUNT II – Violations of TCPA, 47 U.S.C. § 227 et seq.**

43. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

44. Defendant's acts and omissions constitute at least three (3) violations of the TCPA and its implementing regulations.

45. As a result of Defendant's violations, Plaintiff is, individually, entitled to statutory damages of $500 for each violating call or text message, for a total of $1,500 based on the three (3) violations identified herein.

46. Plaintiff also seeks injunctive relief prohibiting Defendant from continuing its unlawful telemarketing practices.

**VII. COUNT III – Violations of Business & Professions Code § 17200**

By Plaintiff Against Defendant United Lending Team, Inc.

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48. Plaintiff brings this cause of action in his individual capacity, and in the alternative, on behalf of the Class.

49. California Business and Professions Code § 17200 prohibits any unlawful, unfair, or fraudulent business act or practice. Defendant's conduct constitutes both an unlawful and an unfair business practice.

50. Defendant's conduct is unlawful. By violating 47 U.S.C. § 227 et seq. and Business and Professions Code section 17591, Defendant has violated Bus. & Prof. Code § 17200. Each statutory violation constitutes a predicate unlawful business act or practice

under § 17200.

51. Defendant's conduct is also unfair. Defendant transmitted unsolicited text messages and placed an unsolicited telephone call in violation of 47 U.S.C. § 227 et seq.

52. The financial value thereof is substantial, is not outweighed by any legitimate countervailing benefit, and could not reasonably have been avoided by Plaintiff.

53. Plaintiff suffered injury in fact and lost money or property as a result of Defendant's conduct, as specifically described in Paragraph 26a above.

54. Specifically, Plaintiff was deprived of the economic value of his time and cellular telephone service used to receive, respond to, and investigate the unsolicited communications, and was subjected to the privacy violation and disruption caused by Defendant's unauthorized use of his personal mortgage data to target him with telemarketing solicitations.

55. Plaintiff is entitled to injunctive relief prohibiting Defendant from continuing its unlawful and unfair practices, and reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. Certifying this case as a class action under Rule 23 and appointing Plaintiff as class representative and his counsel as class counsel, if and when the case proceeds on a contested basis and the Court determines class certification is appropriate;

2. Awarding Plaintiff individual statutory damages of $500 for each of the three (3) identified calls or text messages made in violation of the TCPA, for a total of $1,500 in standard statutory damages;

3. Awarding Plaintiff individual treble damages of up to $1,500 for each of the three (3) identified knowing and/or willful violations of the TCPA, for a

total of up to $4,500 in treble damages;

4. Awarding injunctive and declaratory relief prohibiting Defendant from violating the TCPA in the future;

5. Awarding reasonable attorney's fees pursuant to California Code of Civil Procedure § 1021.5 in connection with the UCL cause of action;

6. Awarding costs of suit and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 22, 2026 **NATHAN & ASSOCIATES, APC**

By: *<u>/s/ Reuben D. Nathan</u>*
Reuben D. Nathan
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff and the Putative Class*